# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. BELLE, | CASE NO. 06CV2454 WQH (LSP) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION |
| vs. | |
| CHASE HOME FINANCE, LLC; LOANSTAR MORTGAGE SERVICES, LLC; MARRIOTT VACATION CLUB INTERNATIONAL; AND NOVASTAR MORTGAGE, INC., | |
| Defendants. | |

HAYES, Judge:

Pending before the Court are Plaintiff's motions for summary judgment and for a preliminary injunction. (Docs. # 6, 22). The Court finds the matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

On November 7, 2006, Plaintiff filed the Complaint in this matter, and asserted claims for violation of Regulation Z of the Truth in Lending Act, invasion of 5 U.S.C. § 1635(a), and invasion of the "International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes" against Defendants Chase Home Finance, LLC, Loanstar Mortgage Services, LLC, Marriott Vacation Club International, and Novastar Mortgage, Inc. (Doc. # 1). In early December 2006, Defendants Chase Home Finance, LLC and Marriott Vacation Club

1  International moved to dismiss. (Docs. # 3, 4). Thereafter, and before the motions to dismiss had
2  been fully briefed and submitted to the Court, Plaintiff moved for summary judgment. (Doc. # 6).
3  At the time that Plaintiff moved for summary judgment, no defendant had answered, and no discovery
4  had been taken by any party. *Declaration of J. Barrett Marum*, ¶¶ 2-4. On January 31, 2007, Plaintiff
5  filed an amendment to his motion for summary judgment, and included therein a request for a
6  preliminary injunction. (Doc. # 22).

## DISCUSSION

8  Though difficult to decipher and understand, Plaintiff's motion for summary judgment
9  apparently rests on the grounds that Defendants are not represented by licensed attorneys, and further,
10 that no license to practice law in California is legitimate. In support of that argument, Plaintiff
11 repeatedly refers to the "mythological licence to practice law," and attacks the structure and
12 organization of the State Bar of California. In amending the motion for summary judgment, (Doc. #
13 22), Plaintiff includes, in the alternative, a motion for a preliminary injunction. However, aside from
14 citing a standard for a preliminary injunction, it is impossible to understand Plaintiff's basis for
15 injunctive relief, and Plaintiff does not cite to or include facts which support an injunction.

16 Defendants oppose Plaintiff's motion for summary judgment on the grounds that (1) it is not
17 clear to which Defendant(s) the motion is directed, (2) it is not clear to which cause of action the
18 motion relates, (3) the motion is incomprehensible, (4) the motion is not supported by facts or law,
19 and (5) the motion is untimely pursuant to FED. R. CIV. P. 56(f). Unlike the motion for summary
20 judgment, Defendants have not yet had the opportunity to respond to the motion for a preliminary
21 injunction, as that motion was styled as an amendment to the motion for summary judgment rather
22 than filed separately as a motion for preliminary injunction. (Doc. # 22). Plaintiff did not request a
23 hearing date for the motion for a preliminary injunction pursuant to Civil Local Rule 7.1(b).

24 FED. R. CIV. P. 56(f) provides that "should it appear from the affidavits of a party opposing the
25 motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts
26 essential to justify the party's opposition, the court may refuse the application for judgment or may
27 order a continuance . . . ." Where a summary judgment motion is filed early in the litigation, "before
28 a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district

1  courts should grant any Rule 56(f) motion fairly freely." *Burlington Northern & Santa Fe Ry. Co. v.*
2  *The Assiniboine*, 323 F.3d 767, 773-74 (9th Cir. 2003); *see also Metabolife Int'l, Inc. v. Wornick*, 264
3  F.3d 832, 846 (9th Cir. 2001). A court may deny a motion for summary judgment in response to a
4  Rule 56(f) motion. FED. R. CIV. P. 56(f); Schwarzer, Tashima & Wagstaffe, FED. CIV. P. BEFORE
5  TRIAL (The Rutter Group 2006) § 14:334; *see also Texas Partners v. Conrock Co.*, 685 F.2d 1116,
6  1119-21 (9th Cir. 1982).

After reviewing the filings in this case, in particular Plaintiff and Defendant's papers regarding the motion for summary judgment, it is evident that Plaintiff's motion for summary judgment has been filed early in the proceedings. Indeed, no Defendant has answered as of yet, and therefore by statute, no discovery has or could have taken place. It is apparent from Defendants' affidavits in opposition to the motion for summary judgment that, due to the lack of discovery, Defendants are unable to present essential facts to justify their opposition to the motion at the present time. Accordingly, and because summary judgment is not appropriate at this stage of the proceedings, Plaintiff's motion for summary judgment is DENIED without prejudice pursuant to Fed. R. Civ. P. 56(f). Furthermore, as Plaintiff has failed to (1) articulate any basis for his request for a preliminary injunction, (2) include any facts, affidavits, or other evidence which would support injunctive relief, and (3) properly file the motion by requesting a hearing date from chambers pursuant to Civil Local Rule 7.1(b), Plaintiff's motion for a preliminary injunction is DENIED without prejudice.

### CONCLUSION

Plaintiff's motion for summary judgment (Docs. # 6, 22) is **DENIED** without prejudice.

Plaintiff's request for a preliminary injunction (Doc. # 22) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED: February 23, 2007

**WILLIAM Q. HAYES**
United States District Judge