1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10
11    RODNEY L. BELLE,                          CASE NO. 06CV2454 WQH (LSP)
12                           Plaintiff,         ORDER RE: DEFENDANTS'
            vs.                                 MOTIONS TO DISMISS
13
      CHASE HOME FINANCE LLC;
14    LOANSTAR MORTGAGE SERVICES,
      LLC; MARRIOTT VACATION CLUB
15    INTERNATIONAL; and NOVASTAR
      MORTGAGE, INC.,
16
                           Defendants.
17
18    HAYES, Judge:
19          Pending before the Court are the motions to dismiss filed by Defendants Marriott Vacation
20    Club International, Chase Home Finance, and Loanstar Mortgage Services.  (Docs. # 3, 4, 35).  The
21    Court finds these matters suitable for submission on the papers and without oral argument pursuant
22    to Local Civil Rule 7.1(d)(1).
23                          **PROCEDURAL BACKGROUND**
24          On November 7, 2006, Plaintiff Rodney L. Belle filed the Complaint in this matter, asserting
25    various claims against Defendants Chase Home Finance, LLC (Chase), Loanstar Mortgage Services,
26    LLC (Loanstar), Marriott Vacation Club International (Marriott), and Novastar Mortgage, Inc.
27    (Novastar).  (Doc. # 1).  On December 1, 2006, Defendant Chase moved to dismiss for failure to state
28    a claim pursuant to FED. R. CIV. P. 12(b)(6), and in the alternative, moved for a more definite

statement pursuant to FED. R. CIV. P. 12(e). (Doc. # 3). On December 5, 2006, Defendant Marriott moved to dismiss for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim pursuant to FED. R. CIV. P. 12(b)(2), (b)(5), and (b)(6). (Doc. # 4). In the alternative, Defendant Marriott moved for a more definite statement pursuant to FED. R. CIV. P. 12(e). (Doc. # 4). On May 18, 2007, Loanstar joined Chase's motion to dismiss. (Doc. # 35). In opposing the motions to dismiss, Plaintiff moved for a preliminary injunction. (Doc. # 21). The Court denied the motion for a preliminary injunction without prejudice because Plaintiff failed to cite law or facts which supported a preliminary injunction. (Doc. # 24).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff Rodney Belle alleges that on or about July of 2006, he entered into an agreement with Defendants Chase, Loanstar, Novastar, and Marriott. *Complaint* at 3. Though it is not entirely clear, the agreement appears to relate to real property in San Diego, and Plaintiff alleges that he "honored/ tendered in full with good faith funds the said amount of the property ($400,000.00 to over $600,000.000) by commercial instrument No. 4443800530 . . . ." *Compl.* at 4. Plaintiff alleges that

> this controversy is over Four Hundred Thousand to over Six Hundred Thousand Dollars and it also involves real properties; located at 640 Pyramid St. San Diego, CA 92114 (loan no. 20929816 of Chase Home Finance, LLC and Loanstar Mortgage Service, LLC/ Loan No 2013993 Nova Star Mortgage Inc./ Loan No. 0014405549.

*Compl.* at 2.

Apparently related to the above agreement, or perhaps related to a "settlement agreement" or other "stipulations," Plaintiff alleges that Defendants "dishonored/failed to give full disclosure pursuant to Regulation Z of the Truth-in-Lending Act pursuant to the Freedom of Information Act . . . ." *Compl.* at 4, 9. In addition, Defendants failed to disclose "that the original loan was created by a check book entry, which may be sold in the open market (as a promissory note) for 80-90 cents on the dollar with no consideration to the plaintiff." *Compl.* at 13. Defendants also failed to disclose that "lawful money was loaned out." *Compl.* at 4. Plaintiff alleges that Defendants "refused to sign . . . under the penalty of perjury by sworn Affidavit/Jurat that . . . lawful money was loaned out . . . ." *Compl.* at 5, 9. Defendants "declined in setting a public conference and invitation of the press/ media in front of" Defendants' places of business. *Compl.* at 9.

Plaintiff appears to allege that Defendants "counterfeited securities" in violation of the

1   Security and Exchange Commission Act of 1933 and 1934.  *See Compl.* at 10-11, 14.  Plaintiff also
2   alleges that  Defendants violated the International Protocol of the United Nations Convention on
3   International Bills of Exchange and International Promissory Notes.  *Compl.*  at 1, 9-10.  Finally,
4   Plaintiff briefly alleges a breach of contract (*Compl.* at 6), violation of the Racketeer Influenced and
5   Corrupt Organizations Act (*Compl.* at 16), and violations of the Uniform Commercial Code (*Compl.*
6   at 3, 7, 14).

7      Though it is not entirely clear what relief Plaintiff is seeking, it appears that Plaintiff would
8   like the Court to enforce the terms of an undisclosed "settlement agreement," and or to order
9   reconveyance of a deed of trust.  *Compl.* at 4, 17-18.

10              **STANDARD OF REVIEW**

11      FED. R. CIV. P. 8 requires a complaint to contain "a short and plain statement of the claim
12   showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a).  "The Federal Rules adopt a
13   flexible pleading policy; however every complaint must, at a minimum, give fair notice and state the
14   elements of each claim against each defendant plainly and succinctly."  *Rasidescu v. Midland Credit*
15   *Management, Inc.,* 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006).  When presented with a pro se
16   complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit
17   of any doubt."  *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted).  However,
18   "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the]
19   defendant which support his claims."  *Rasidescu,* 435 F. Supp. 2d at 1099.

20      A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings.  *De La*
21   *Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint may not be dismissed for failure to state
22   a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of
23   facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46
24   (1957).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the
25   light most favorable to the plaintiff, and further, must accept as true all material allegations in the
26   complaint, as well as any reasonable inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d
27   1023, 1028 (9th Cir. 2003).  In considering a Rule 12(b)(6) dismissal, a court may not look beyond
28   the complaint.  *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

1  /

2

3  **DISCUSSION**

4  Defendants Chase and Marriott move to dismiss Plaintiff's Complaint pursuant to FED. R. CIV.

5  P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. # 4).  Defendants

6  contend that the Complaint is undecipherable, confusing, and does not put them on notice of the

7  specific claims against them.  Defendants further contend that the Complaint does not comply with

8  FED. R. CIV. P. 8(a), and that there are insufficient allegations to support the various claims.

9  Defendant Marriott moves to dismiss on the additional grounds of lack of personal jurisdiction and

10  insufficiency of process pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(5).

11  **A.  Marriott's Motion to Dismiss for Insufficient Service of Process**

12  Defendant Marriott, a corporation, contends that it was not properly served pursuant to FED.

13  R. CIV. P. 4(h).  Marriott contends that Plaintiff attempted service on Marriott by placing a copy of

14  the Complaint in an envelope, and mailing it to Marriott's post office box in Lakeland, Florida.

15  Marriott contends that this method of service is improper for corporate defendants, and moves to

16  dismiss for insufficiency of service of process and lack of personal jurisdiction.  Plaintiff's opposition

17  to the motion to dismiss does not address Marriott's argument with respect to service of process.

18  FED R. CIV. P. 4(h) provides in pertinent part:

19  **(h) Service Upon Corporation and Associations**

20  Unless otherwise provided by federal law, service upon a domestic or foreign
   corporation or upon a partnership or other unincorporated association that is subject
21  to suit under a common name, and from which a waiver of service has not been
   obtained and filed, shall be effected:
22

23  (1) in a judicial district of the United States in the manner prescribed for individuals
   by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to
   an officer, a managing or general agent, or to any other agent authorized by
24  appointment or by law to receive service of process and, if the agent is one authorized
   by statute to receive service and the statute so requires, by also mailing a copy to the
25  defendant . . . .

26  When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and

27  service by mail to a general corporate address is not sufficient.  *Larsen v. Mayo Med. Ctr.*, 218 F.3d

28  863, 868 (8th Cir. 2000); *see also Apache Tribe Federal Credit Union v. The Federal Home Loan*

1   *Bank of San Francisco*, No. C97-2160 MMC, 1997 U.S. Dist. LEXIS 15233, * 11 (N.D. Cal. Sept.

2   30, 1997); Fed. R. Civ. P. 4(h) advisory committee's note to 1993 Amendments.  "A federal court

3   does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.

4   R. Civ. P. 4."  *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, NO.: CV-05-03469-PHX-

5   SMM, 2006 U.S. Dist. LEXIS 42414, * 6 (D. Ariz. Jun. 22, 2006), *citing Direct Mail Specialists v.*

6   *Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  "When service of process is

7   challenged, a plaintiff bears the burden of showing that the court's personal jurisdiction is properly

8   exercised."  *Id.*, *citing Hirsh v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986).

9         Plaintiff attached a declaration of service to the Complaint. (Doc. # 1).  Therein, Plaintiff

10  indicated that he served Marriott "[b]y placing a copy [of the Complaint] in a separate envelope, with

11  postage fully prepaid . . . and depositing each in the U.S. Mails at San Diego, Ca on 11/7/06."  (Doc.

12  # 1).  The Court concludes that Plaintiff attempted to serve Marriott by mail, and that such service did

13  not comply with Fed. R. Civ. P. 4(h).  In addition, because Plaintiff did not respond to Marriott's

14  motion to dismiss for improper service, the Court concludes that Plaintiff has not met his burden of

15  showing that the Court's personal jurisdiction over Marriott is properly exercised.  *Hirsh*, 800 F.2d

16  at 1477.

17        "If service is insufficient, the Court may either dismiss the case or retain jurisdiction but quash

18  service."  *Hickory Travel Systems, Inc. v. Tui AG, Tui*, 213 F.R.D. 547, 553 (N.D. Cal. 2003).  For the

19  reasons stated below, the Court finds that the Complaint fails to state a claim upon which relief can

20  be granted and does not comply with Fed. R. Civ. P. 8(a).  Accordingly, Marriott's motion to dismiss

21  for insufficiency of service of process and lack of personal jurisdiction (Doc. # 4) is GRANTED.

22  ***B. Motions to Dismiss for Failure to State a Claim & Failure to Comply with Rule 8(a)***

23        Defendants contend that Plaintiff's Complaint is confusing, undecipherable, and fails to

24  distinguish among the various claims being alleged.  In addition, Defendants contend that the

25  Complaint's factual allegations are insufficient to support the claims.  Plaintiff's opposition to the

26  motions to dismiss is non-responsive to Defendants' arguments.

27        As noted above, Fed. R. Civ. P. 8(a), requires that a complaint contain "a short and plain

28  statement of the claim showing that the pleader is entitled to relief."  A complaint satisfies Rule 8 if

1    it gives the Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

2    *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), *citing Gibson*, 355 U.S. at 47.  A complaint

3    fails to give fair notice when it is "so verbose, confused, and redundant that its true substance, if any,

4    is well disguised."  *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1956).

5           Plaintiff's Complaint is twenty-two pages long, and it is titled a "Complaint to Action of Quiet

6    title/Lis Penden."  After reviewing the Complaint, it is not clear that Plaintiff in fact seeks an action

7    to quiet title, as the Complaint essentially ignores references to "quiet title" outside of the case caption

8    and page numbering.  In addition, it is not clear which factual allegations, if any, Plaintiff included

9    to support a quiet title action.  Aside from referencing a piece of real property in San Diego, nothing

10   in the Complaint supports an action to quiet title, and it is not entirely clear who owns the referenced

11   property, or whether it is subject to adverse claims.  *See* Cal. Code Civ. Proc. § 761.020.  The

12   Complaint does not indicate whether Defendants have an interest in the referenced property.  The

13   Court concludes that Plaintiff has neither stated a claim for, nor put Defendants on fair notice of, a

14   claim to quiet title.

15          Aside from the confusing "quiet title" claim, it appears that Plaintiff attempts to assert a claim

16   for violation of the Truth-in-Lending Act, *see* 15 U.S.C. § 1601, and specifically Regulation Z.  *See*

17   15 C.F.R. § 226.1.  Plaintiff does not provide detail to his Regulation Z claim, however, and does not

18   identify which parts of Regulation Z Defendants violated.  Such detail is required to put Defendants

19   on fair notice of Plaintiff's claims.  Regulation Z contains four sub-parts and appendices, and each

20   subpart relates to a different type of transaction and is governed by particular rules and requirements,

21   e.g. "Open-end credit," "closed-end credit, "oral disclosures," and "special rules for mortgage

22   transactions."  *See* 15 C.F.R. § 226.1(d)(1-6).  Without notice of which sections of Regulation Z they

23   are alleged to have violated, Defendants cannot frame responsive pleadings to the Complaint.  This

24   is particularly true given the often incoherent allegations in the Complaint.  Though the Complaint

25   makes numerous references to Defendants' "failure to disclose that lawful money was loaned out,"

26   the Court concludes that the failure to disclose allegations do not, standing alone, properly assert a

27   claim for violation of Regulation Z given the breadth, scope, and detail of that statute.  In addition,

28   while the Complaint makes reference to *Yanamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir.

2003), the Complaint does not explain how that case is relevant to the circumstances alleged here. In fact, the only thing that the Court can conclude based on the *Yanamoto* reference is that Plaintiff may have tried to rescind an agreement–though it is not clear what agreement–by noticing the Secretary of the Treasury or the Chief Justice of the Supreme Court. Finally, the Court concludes that the Complaint does not allege facts which establish the applicability of Regulation Z. *See* 15 C.F.R. § 226.1(c).

The Complaint makes references to other claims, including "Invasion of International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes," "counterfeiting securities" in violation of "Security Exchange Commission Act of 1933 and 1934," and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). However, after reviewing the entirety of the Complaint, the Court is unable to determine the specific nature of the claims asserted, how they relate to the allegations in the Complaint, and which sections or subsections of the various Acts or statutes Defendants have allegedly violated.

The Court concludes that the Complaint does not put Defendants on "fair notice" of the claims asserted against them. *Rasidescu*, 435 F. Supp. 2d at 1098-99. Accordingly, Defendants' motions to dismiss are GRANTED without prejudice. (Docs. # 3, 4).

## CONCLUSION

Defendant Marriott's motion to dismiss for lack of personal jurisdiction and insufficiency of service of process (Doc. # 4) is GRANTED.

Defendants' motions to dismiss for failure to comply with FED. R. CIV. P. 8(a) and failure to state a claim upon which relief can be granted are GRANTED. (Docs. # 3, 4, 35). In addition, Plaintiff's Complaint is dismissed in its entirety, but without prejudice.

Plaintiff has thirty days from the date this Order is stamped "filed," to file and serve an Amended Complaint. *See* Local Civil Rules 4.1; 15.1. If Plaintiff chooses to file an Amended Complaint, Plaintiff shall also cure deficiencies with respect to service of process of Defendant Marriott. *See* FED. R. CIV. P. 4(h). Failure to file an Amended Complaint within the time allowed will result in the Court terminating this case.

DATED: May 22, 2007

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILLIAM Q. HAYES**
United States District Judge