# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY L. BELLE,<br><br>                            Plaintiff,<br>vs.<br>CHASE HOME FINANCE LLC;<br>LOANSTAR MORTGAGE SERVICES,<br>LLC; and NOVASTAR MORTGAGE, INC.,<br><br>                          Defendants. | CASE NO. 06CV2454 WQH (LSP)<br><br>ORDER RE: DEFENDANT'S<br>MOTION TO DISMISS |

HAYES, Judge:

      Pending before the Court is the motion to dismiss filed by Defendant Chase Home Finance, LLC and joined by Loanstar Mortgage Services, LLC. (Docs. # 39, 40). The court finds this matter suitable for submission on the papers without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**PROCEDURAL BACKGROUND**

      On November 7, 2006, Plaintiff Rodney L. Belle filed the Complaint in this matter, asserting various claims against Defendants Chase Home Finance, LLC (Chase), Loanstar Mortgage Services, LLC (Loanstar), Marriot Vacation Club International (Marriot), and Novastar Mortgage, Inc. (Novastar). (Doc. # 1). On December 1, 2006, Defendant Chase moved to dismiss the Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6), and in the alternative, moved for a more definite statement pursuant to FED R. CIV. P. 12(e). (Doc. # 3). On December 5, 2006, Defendant Marriot moved to dismiss for lack of personal jurisdiction, insufficiency of service of process, and

1  failure to state a claim pursuant to FED R. CIV. P. 12(b)(2), (b)(5), and (b)(6). (Doc. # 4). On May 18,
2  2007, Loanstar joined Chase's motion to dismiss. (Doc. # 35). On May 22, 2007, the Court granted
3  the Defendants' motions to dismiss without prejudice. (Doc. # 37).

4  On June 21, 2007, Plaintiff Belle timely filed an amended complaint. (Doc. # 38). On July 9,
5  2007, Defendant Chase again moved to dismiss Plaintiff's Amended Complaint for failure to state a
6  claim pursuant to FED R. CIV. P. 12(b)(6). (Doc. # 39). On July 12, 2007, Loanstar joined Chase's
7  motion to dismiss. (Doc. # 40). Plaintiff Belle did not file an opposition to Defendant Chase's motion
8  to dismiss.

## ALLEGATIONS OF THE AMENDED COMPLAINT

In his Amended Complaint, Plaintiff Rodney Belle alleges that in or about July of 2006, he entered into an agreement with Defendants Chase, Lonestar, and Novastar. *Amended Complaint* at 6. Though it is not entirely clear, the agreement appears to pertain to real properties located in San Diego and San Bernardino. *Amend. Compl.* at 2. Plaintiff alleges that he "honored/ tendered in full with good faith funds the said amount of the property ($400,000.00 to over $600,000.00) by commercial instrument No. 4443800530 . . . ." *Amend. Compl.* at 7.

Plaintiff specifically alleges that

> [t]his controversy involves real properties; located at 640 Pyramid St. San Diego, CA 92114 (loan no. 20929816 of Chase Home Finance, LLC and Loanstar Mortgage Service, LLC/ Loan No. 2013993 Nova Star Mortgage Inc. /Loan No. 0014405549 and Second Location 777 W. 27th , San Bernardino Ca.92405 and this said amount of the controversy is under Nine Hundred Thousand dollars.

*Amend. Compl.* at 2.

Ostensibly related to the above agreement, or perhaps related to a "settlement agreement" or other "stipulations," Plaintiff alleges that Defendants "dishonored/failed to give full disclosure pursuant to regulation Z of the Truth-in-Lending Act pursuant to the Freedom of Information Act . . . ." *Amend. Compl.* at 7. In addition, Plaintiff alleges that Defendants failed to "sign under there [sic] full commercial liability under the penalty of perjury by sworn Affidavit/ Jurat that...lawful money was loaned out . . . ." *Amend. Compl.* at 8. Plaintiff alleges that Defendants have engaged in "dishonor/ unethical and outrageous business practice" and that the "general public and the public at large are in jeopardy due to these unethical business practices . . . ." *Amend. Compl.* at 9.

Plaintiff appears to allege that Defendants "counterfeited securities" in violation of the Security and Exchange Commission Act of 1933 and 1934. *Amend. Compl.* at 11-13. Plaintiff also alleges that Defendants violated the International Protocol of the United Nations Convention on International Bills of Exchange and International Promissory Notes. *Amend. Compl.* at 11-12, 17. Finally, Plaintiff briefly alleges a breach of contract (*Amend. Compl.* at 9), violation of the Racketeer Influenced and Corrupt Organizations Act (*Amend. Compl.* at 17), a violation of the Uniform Commercial Code (*Amend. Compl.* at 10) and a violation of the Federal Tort Claims Act (*Amend. Compl.* at 5).

Although it is difficult to discern what relief Plaintiff is requesting, it appears Plaintiff would like the Court to enforce the terms of an undisclosed "settlement agreement" and or order reconveyance of a deed of trust. *Amend. Compl.* at 7, 21-22.

**STANDARD OF REVIEW**

FED. R. CIV. P. 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a). "The Federal Rules adopt a flexible pleading policy; however every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly." *Rasidescu v. Midland Credit Management, Inc.,* 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006). When presented with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support his claims." *Rasidescu,* 435 F. Supp. 2d at 1099.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id.*, *citing* FED R. CIV. P. 8(a)(2). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further,

1 must accept as true all material allegations in the complaint, as well as any reasonable inferences to
2 be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), *see also Chang v.*
3 *Chen*, 80 F.3d 1293 (9th Cir. 1996). In considering a Rule 12(b)(6) dismissal, a court may not look
4 beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

**DISCUSSION**

6 Defendants Chase and Loanstar move to dismiss Plaintiff's Amended Complaint pursuant
7 to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.
8 Defendants contend that Plaintiff's Amended Complaint fails to cure any of the deficiencies
9 identified by the Court in the order granting Defendant's motion to dismiss Plaintiff's original
10 Complaint. Defendants further contend that the Amended Complaint does not comply with FED.
11 R. CIV. P. 8(a), and that the Amended Complaint contains insufficient allegations to support the
12 various claims. Defendants request that the Court dismiss Plaintiff's Amended Complaint with
13 prejudice because "further leave to amend would be futile." (Doc. # 39 at 3).

14 **A. Whether Plaintiff's Amended Complaint Complies with Rule 8(a)**

15 Defendants assert that Plaintiff's Amended Complaint is undecipherable, confusing, and
16 contains varied references to a number of laws without distinguishing among the various claims
17 being alleged. In addition, Defendants contend that the Complaint's factual allegations are
18 insufficient to support the claims.

19 FED. R. CIV. P. 8(a), requires that a complaint contain "a short and plain statement of the
20 claim showing that the pleader is entitled to relief." A complaint satisfies Rule 8 if it gives the
21 Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."
22 *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), *citing Gibson*, 355 U.S. at 47. A
23 complaint fails to give fair notice when it is "so verbose, confused, and redundant that its true
24 substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1956).

25 Plaintiff's Amended Complaint is twenty-five pages long, and it is titled "Amended
26 Complaint to Action to Quiet Title /Lis Penden." After reviewing the Amended Complaint, it is
27 still unclear whether Plaintiff is in fact seeking an action to quiet title. As in Plaintiff's previous
28 Complaint, the Amended Complaint is essentially devoid of references to "quiet title" outside of

the case caption and page numbering. In its Order dated May 22, 2007, the Court directed Plaintiff to support his quiet title claim with clear factual allegations including who owns the referenced property, whether it is subject to adverse claims, and whether Defendants have an interest in the property. (Doc. # 37 at 6). Plaintiff has failed to include any of these factual elements in his Amended Complaint. (Doc. # 38). Instead, Plaintiff created further confusion by identifying a second piece of property located in San Bernardino which apparently relates to his quiet title claim. With respect to the second piece of property, Plaintiff has again failed to allege any of the necessary elements to support an action to quiet title. *See also* CAL. CODE CIV. PROC. § 761.020. Plaintiff has failed to include a legal description of the property, the basis on which he claims title to the property, or an identification of any adverse claims by Defendants to Plaintiff's title. CAL. CODE CIV. PROC. § 761.020. Without these necessary elements, Defendants are unable to frame an appropriate response to Plaintiff's allegations. The Court concludes that Plaintiff has neither stated a claim for, nor put the Defendants on fair notice of, a claim to quiet title.

Plaintiff also attempts to assert a claim for violation of the Truth-in-Lending Act, *see* 15 U.S.C. § 1601, specifically Regulation Z. *See* 15 C.F.R. § 226.1. Although Plaintiff refers to Regulation Z repeatedly throughout the Amended Complaint, he never specifies which of its provisions he contends Defendants violated. Regulation Z contains four sub-parts and appendices, and each subpart relates to a different type of transaction and is governed by particular rules and requirements, e.g. "Open-end credit," "closed-end credit," "oral disclosures," and "special rules for mortgage transactions." *See* 15 C.F.R. § 226.1(d)(1-6). In its previous order the Court advised Plaintiff to provide additional detail to his Regulation Z claim because the incoherent allegations in the original complaint were not sufficient to allow Defendants to frame a responsive pleading. The Amended Complaint, however, does not succeed in curing the defects previously enumerated by the Court. Plaintiff again makes reference to Defendants' failure to disclose that "lawful money was loaned out," but does not specify why this constitutes a violation of Regulation Z. *Amend. Compl.* at 7. Plaintiff also alleges that Defendants violated Regulation Z by declining "to have an independent, certified accountant to review the lawful money that was originally loaned to see if there was unclean hands in the above matter." *Amend. Compl.* at 12. Yet Plaintiff does not

1  identify the provisions of Regulation Z that require such review.  The Court concludes that these
2  allegations do not, standing alone, properly assert a claim for violation of Regulation Z given the
3  breadth, scope, and detail of the statute.  In addition, Plaintiff again makes reference to *Yanamoto*
4  *v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), but does not explain how that case is relevant
5  to the circumstances alleged here.  In *Yanamoto*, the court held that a mortgagee seeking rescission
6  of a mortgage based on a violation of the Truth and Lending Act can be required to provide
7  evidence that they can tender the proceeds of the loan before the court reaches the merits of the
8  alleged violation.  *Id*. at 1173.  The only thing that the Court can glean based on the *Yanamoto*
9  reference is that Plaintiff may have tried to rescind an agreement.  However, due to the lack of
10 supporting allegations, it is not clear exactly what agreement Plaintiff may have attempted to
11 rescind.  The Court concludes that the Amended Complaint does not allege facts which establish
12 the applicability of Regulation Z.  *See* 15 C.F.R. § 226.1(c)).

13        In his original complaint, Plaintiff alleges that Defendants have counterfeited securities in
14 "violation of the Securities and Exchange Commission Act of 1933 and 1934."  *Amend. Compl*. at
15 12.  However, Plaintiff again fails to provide any details or factual allegations to support his
16 securities counterfeiting claim.  Plaintiff appears to contend that Defendants violated the Act
17 because Defendants "declined in setting a public conference and invitation of the press/ media...to
18 answer one hundred and fifty questions" and "refuse to give full disclosure that check book
19 entries/ debit credit was created, and no lawful money was lent to Plaintiff."  *Amend. Compl*. at 12.
20 Though the Amended Complaint does identify specific code sections from the Act, it does not
21 explain how Defendants' conduct constitutes a violation of those sections.  Plaintiff does not
22 specify what security Defendants allegedly counterfeited.  The Court concludes that Plaintiff has
23 neither stated a claim for, nor put the Defendants on fair notice of, a securities counterfeiting
24 claim.

25        The Amended Complaint alleges that Defendants violated the "International Protocol/
26 Treaty with the United States United Nations Convention on International Bills of Exchange and
27 International Promissory Notes."  *Amend. Compl*. at 12-13, 17.  The United Nations Convention
28 on International Bills of Exchange and International Promissory Notes (UN Convention) applies to

international bills of exchange and promissory notes. It is difficult, however, for the Court to determine how Defendants violated the UN Convention. There is nothing on the face of the Amended Complaint to indicate the presence of an international transaction. All of Plaintiff's allegations appear to revolve around two pieces of property, one located in San Diego, and the other located in San Bernardino, and Plaintiff does not explain how the UN Convention is implicated by his ownership of real property located solely in the United States. Further, Plaintiff does not allege that Defendants are foreign nationals or that the loan originated from a bank located in a foreign nation. Plaintiff does refer to himself as "the Secured Party, Rodney L. Belle/a Foreign state National" (*Amend. Compl.* at 1, 4, 5). However Plaintiff fails to indicate how his putative status as a foreign state national establishes the applicability of the UN Convention. *Amend. Compl.* at 1, 4, 5. Plaintiff's UN Convention claim suffers from the same lack of specificity identified by the Court in its order of May 22, 2007. (Doc. # 37). Plaintiff fails to indicate what portion of the UN Convention the Defendants violated, and how Defendants violated it. The Court concludes that the Amended Complaint does not allege facts which establish the applicability of, or a violation of, the UN Protocol.

The Amended Complaint makes references to other federal claims, including violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (*Amend. Compl.* at 17), the Freedom of Information Act (FOIA) (*Amend. Compl.* at 7, 15,16), the Federal Tort Claims Act (FTCA) (*Amend. Compl.* at 5), the National Banking Association Act of 1863 (*Amend. Compl.* at 19), the Emergency Bankruptcy Act of 1933 (*Amend. Compl.* at 19), and the Bankruptcy Reform Act of 1978 (*Amend. Compl.* at 14). However, after reviewing the entirety of the Amended Complaint, the Court is unable to determine the specific nature of the claims asserted, how the claims relate to the allegations of the Complaint, and which sections or subsections of the various Acts or statutes Defendants have allegedly violated.

## CONCLUSION

After reviewing the Amended Complaint, the Court concludes that Plaintiff has failed to state a claim for quiet title, for violation of the Truth-in-Lending Act, or for any other federal or state law. Accordingly, Defendant Chase's motion to dismiss (Doc. # 39) for failure to comply

1 with FED. R. CIV. P. 8(a) & 12(b)(6), joined by Defendant Loanstar (Doc. # 40), is GRANTED.
2 Plaintiff's Complaint is dismissed in its entirety, but without prejudice.
3      Plaintiff has thirty days from the date this Order is stamped "filed," to file and serve a
4 Second Amended Complaint.  *See* Local Civil Rules 4.1; 15.1.  If Plaintiff chooses to file a Second
5 Amended Complaint, Plaintiff shall cure the deficiencies outlined in this Order.  If Plaintiff fails to
6 file a Second Amended Complaint within the time allowed, or fails to cure the deficiencies of his
7 previous Complaints, the Court will terminate this case with prejudice.
8      IT IS SO ORDERED.
9 DATED:  October 31, 2007

**WILLIAM Q. HAYES**
United States District Judge